UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) |
| KEVIN KISSAL | ) Case No. 06-10264-SSM |
| | ) Chapter 7 |
| Debtor | ) |

**MEMORANDUM OPINION**

Before the court is the *ex parte* motion of Americredit Financial Services, Inc. ("Americredit"), for an order confirming that the automatic stay has terminated with respect to the enforcement of its security interest in a 1999 Jeep Grand Cherokee motor vehicle owned by the debtor. By letter to the movant's attorney, the court declined to consider the motion on an *ex parte* basis and directed that notice of the motion be given in accordance with the local bankruptcy rules. The purpose of this opinion is to explain, for the guidance of counsel in both this and future cases, the reasons for the court's ruling.

Background

Kevin Kissal ("the debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court on March 25, 2006. Among the assets listed on his schedules was a '99 Jeep Grand Cherokee having a value of $7,500, subject to a lien in the amount of $6,390 in favor of "Americredit." With the petition, he filed a Statement of Intention stating that he intended to "retain" the secured property and that the secured property was claimed as exempt. He did not check either the column stating that the property would be redeemed under § 722, Bankruptcy Code, or the column stating that the debt would be reaffirmed

1

under § 524(c), Bankruptcy Code.  The trustee has filed a report of no distribution, and the debtor is awaiting a discharge.[1]

The motion before the court was filed by Americredit on June 27, 2006, and seeks entry of an order confirming that the automatic stay terminated as a matter of law 30 days after the petition was filed.  Although the motion was served on the debtor, debtor's counsel, and the trustee, it was not accompanied by a notice of motion and does not request a hearing.  The motion is not verified or supported by affidavit.  Americredit does not state in the motion whether or not payments under the installment sales contract are current or whether other material terms of the contract (for example, an obligation to keep the vehicle insured) have been breached, nor does it set forth any facts to show that irreparable harm would result before the debtor and the trustee could be heard in opposition.

Discussion

A.

Among the many changes to consumer bankruptcy practice made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8 ("BAPCPA"), was the enactment of language that commentators agree was intended to eliminate the so-called "fourth option" or "ride-through" for property securing a consumer debt.  Prior to BAPCPA, the Bankruptcy Code required individual debtors with consumer debt secured by property of the estate to file "a statement of intention with respect to the retention or surrender of such property and, *if applicable,* specifying that such property is claimed as exempt, that the

---

[1] The last day for filing an objection to the debtor's discharge was June 26, 2006.  No objections to discharge were filed.

debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property." Former § 521(2)(A), Bankruptcy Code (emphasis added). Courts differed in their reading of the statute. Some held that it gave the debtor only three choices: (1) surrender the collateral to the secured creditor; (2) redeem the collateral; or (3) reaffirm the debt. Other courts, including the Fourth Circuit, read the statute as allowing a debtor who was current on payments to retain the collateral and simply continue making the payments. *Home Owners Funding Corp. of America v. Belanger (In re Belanger)*, 962 F.2d 345 (4th Cir. 1992) (holding that chapter 7 debtors who were current in their payments on mobile home could retain collateral without redeeming, reaffirming or surrendering); *see also Riggs Nat'l Bank v. Perry*, 729 F.2d 982 (4th Cir. 1984) (holding that default-on-bankruptcy clause in automobile installment contract was unenforceable and that secured creditor was not entitled to relief from stay where debtor was current on required payments when motion was heard).

BAPCPA renumbered § 521(2)(A) as § 521(a)(2)(A) but made no change to the language. A new § 521(a)(6) was added, however, that plainly seems to require either redemption or reaffirmation if the debtor does not surrender the collateral. Specifically, it requires that an individual debtor

> not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either—
>   (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
>   (B) redeems such property from the security interest pursuant to section 722.

§ 521(a)(6), Bankruptcy Code.  The statute now further provides that if the debtor does not take one of the two actions within the 45-day period,[2] the automatic stay is terminated with respect to the property, the property "shall no longer be property of the estate," and the creditor "may take whatever action as to such property as is permitted by applicable nonbankruptcy law,"[3] unless the court determines on motion of the trustee filed within the 45-day period that the property is of consequential value or benefit to the estate.  *Id.*   A further remedy for the failure to timely file a statement of intention or to perform the stated intention is contained in newly-enacted § 362(h), which provides that in the case of an individual debtor, the automatic stay "is terminated" with respect to personal property securing a claim, and that such property "shall no longer be property of the estate," if "within the applicable time set by section 521(a)(2)," the debtor fails:

> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, [or] enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property. . .; *and*
> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement

---

[2]  There is a puzzling internal inconsistency in the statute.  Another amendment made by BAPCPA now requires the debtor to "perform" his stated intention within 30 days of the first date set for the meeting of creditors, rather than the previously-required 45 days.  § 521(a)(2)(B), Bankruptcy Code.  The combined effect of the two provisions is seemingly to place the debtor in some kind of default if he or she has not "performed" the stated intention within 30 days of the meeting of creditors but to provide a practical remedy for that failure only if it continues for another 15 days.

[3]  Whether applicable non-bankruptcy law (in this case, Virginia law) would permit Americredit to repossess the vehicle if payments were current and there were no other defaults (for example, a failure to maintain required insurance) is not before the court, and the court expresses no view on that issue.

> specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

§ 362(h), Bankruptcy Code (emphasis added). As with the similar provision in § 521(a)(6), the trustee may intervene to protect the bankruptcy estate's interest, but the motion must be filed "before the expiration of the applicable time set by section 521(a)(2)." Thus, it would appear that the trustee may actually have only 30 days, not 45 days, from the meeting of creditors, to file a motion to protect the bankruptcy estate's interest.[4] However, because the statute uses "and" rather than "or" to link the two forms of default, it would appear that the collateral does not cease to be property of the estate simply because a proper statement of intention was not filed within 30 days of the bankruptcy filing; rather it terminates only if the "action specified" in the statement is not taken within 30 days of the first date set for the meeting of creditors.

B.

The immediate question before the court, however, is not the harmonization of §§ 521(a)(2), 521(a)(6), and 362(h), or even whether the automatic stay has terminated,[5] but

---

[4] More accurately, the deadline is 30 days from "the first date set" for the meeting of creditors. Thus, if a meeting of creditors is rescheduled, the 30 days runs from the original date rather than the rescheduled date. As a result, the trustee may be faced with the deadline having run before the actual meeting of creditors is held.

[5] The first date set for the meeting of creditors was April 27, 2006. Thirty days from that date was May 27, 2006, a Saturday. The following Monday, May 29, 2006, was a legal holiday. Accordingly, the last day under § 521(a)(2)(B) for the debtor to "perform" his stated intention would have been May 30, 2006. Fed. R. Bankr. P. 9006(a). Even if the debtor and the estate are entitled to the benefit of the alternate 45-day period in § 521(a)(6) for purchase money security interests, that period expired no later than Monday, June 12, 2006. Thus, it seems likely that the automatic stay has indeed terminated. But has it? Perhaps the debtor, notwithstanding his silence on the point in the statement of intent,

(continued...)

whether a creditor may obtain an *ex parte* ruling to that effect without notice and an opportunity to be heard in opposition. In its motion, Americredit relies on § 362(j), Bankruptcy Code, which provides, "On request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has terminated." The "subsection (c)" referred to is § 362(c), Bankruptcy Code, which specifies when the automatic stay terminates (or does not arise) as a matter of law. Americredit points out that the qualifying phrase "after notice and a hearing"—which is present, for example in § 362(d)—is absent from § 362(j), and it concludes from that omission that Congress intended to authorize *ex parte* consideration of motions for confirmatory relief. The inference to be drawn from silence, however, is a weak one, especially as *ex parte* relief is expressly addressed in another part of the statute. Specifically, § 362(f) allows a bankruptcy court, "with or without a hearing," to grant such relief from the automatic stay as is necessary "to prevent irreparable damage" to a movant's interest in property "before there is notice and an opportunity for a hearing." *See also* Fed. R. Bankr. P. 4001(a)(2) (requiring that motion for *ex parte* relief from the automatic stay be supported by an affidavit setting forth "specific facts" showing that "immediate and irreparable injury, loss or damage" will result "before the adverse party can be heard in opposition," together with a certification of the efforts to give notice and the reasons why notice should not be required.).

---

[5](...continued)
nevertheless made a timely offer to reaffirm on the original terms but the creditor refused. It is precisely because application of the statute is not clear cut that due process requires notice and an opportunity for hearing before an order is entered declaring that the stay has terminated.

Accordingly, the court concludes that—at least in the absence of some concrete showing that irreparable harm would otherwise result—the ordinary requirements for service, notice, and opportunity for hearing apply to motions for an order confirming termination of the automatic stay. Fed. R. Bankr. P. 9013 and 9014(a) & (b). Those requirements are by no means onerous. Under the local rules of this court, 10 days' notice to the adverse party of opportunity to object and to request a hearing is sufficient. L.B.R. 9013-1(H)(3) & (M)(1). If there is a genuine need to have an earlier determination, a motion for expedited hearing or for shortened notice, or both, may be filed.

Since Americredit's motion is not supported by an affidavit showing that irreparable harm will result before the debtor and the trustee can be heard in opposition, the court declines to consider the motion on an *ex parte* basis, but will consider it once proper notice has been given and the response period has expired.

Date: _____        _____
                                            Stephen S. Mitchell
Alexandria, Virginia                        United States Bankruptcy Judge

Copies to:

Sara A. John, Esquire
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA  23452
Counsel for the movant

Nancy Olszewski Ryan, Esquire
Law Offices of Robert Weed
1420 Prince Street, Suite 200
Alexandria, VA  22314
Counsel for the debtor

Kevin Kissal
14508 Black Horse Court
Centreville, VA 20120
Debtor

Gordon P. Peyton, Esquire
Redmon, Peyton & Braswell
510 King Street, suite 301
Alexandria, VA  22314
Chapter 7 trustee